BLIWAS, Respondent, v. BLIWAS, Appellant.

*No. 324. Argued June 3, 1970.—Decided June 26, 1970.*
(Also reported in 178 N. W. 2d 35.)

For the appellant there was a brief by *Victor C. Cairo,* and oral argument by *Dennis J. Flynn,* both of Racine.

For the respondent there was a brief by *Weber, Gerard & Bonk* of Racine, and oral argument by *Myron J. Bonk.*

ROBERT W. HANSEN, J. One question—and one question only—is asked by this appeal:

*Where the parties stipulate and the family court orders that a father contribute to the education of a son beyond his twenty-first birthday, is such order enforceable by contempt proceedings?*

Both parties to this appeal agree that if there had been no stipulation or agreement of the parties involved, the family court would have been without jurisdiction to enter an order requiring the father to contribute to the

education of his son beyond the son's twenty-first birthday. By statute,[1] upheld in several cases in this court,[2] in the absence of stipulation at least, the trial court's jurisdiction to make provisions for the care, custody, maintenance and education of children of the parties is limited to *minor* children, that is, those who have not yet reached their twenty-first birthday. As applied to a severely handicapped offspring, the application of the statute may be harsh. As applied to secondary education of any child, which nowadays customarily goes beyond the age of twenty-one, it may have become unrealistic. But the public policy set is for the legislature to establish, and for the legislature alone to amend or change.

Both parties agree that the written stipulation of the parties, upon which the amended order of 1968 was based, is binding. Respondent contends that the agreement of the parties, incorporated into the judgment of divorce, gives the family court the right to enforce the provisions agreed upon by contempt proceedings. Appellant sees the agreement of the parties as enforceable only in separate proceedings brought by the guardian, or the child upon reaching majority, based on the law of contract. If the father missed a monthly payment, the action for default in such payment would be the subject of a separate action, brought, presumably, in the small claims court.

A stipulation between the parties in a divorce action is an agreement between them—a recommendation jointly made by them to the court suggesting what the judgment, if granted, is to provide. In Wisconsin it is not

---

[1] "In rendering a judgment of annulment, divorce or legal separation, the court may make such further provisions therein as it deems just and reasonable concerning the care, custody, maintenance and education of the *minor children* of the parties, . . ." Sec. 247.24, Stats. (Emphasis added.)

[2] *Boehler v. Boehler* (1905), 125 Wis. 627, 104 N. W. 840; *O'Neill v. O'Neill* (1962), 17 Wis. 2d 406, 117 N. W. 2d 267; *Beberfall v. Beberfall* (1969), 44 Wis. 2d 540, 171 N. W. 2d 390.

required that the family court accept or reject the stipulation *in toto;* the trial court has the right to make such modifications in the suggested provisions that the interests of justice, or the interests of minor children of the parties, may require.[3] In this state a family court is not bound to accept, nor even to accept or reject in its entirety, a stipulation presented by the parties to a divorce action. What it does, it does on its own responsibility, and the provisions it sets forth in the judgment are its judgment.[4] So caution must be exercised in following rulings in states where a judge is bound to accept a valid separation agreement, or where the phrase "incorporated in the divorce decree" has a meaning different than it has in this state. The Wisconsin situation does not change the basic nature of a stipulation of the parties submitted to the court in a divorce proceeding; it is in fact an agreement of the parties asking that certain provisions be included in any judgment of divorce that may be granted. For this reason, where there was a stipulation of the parties that it be done, this court has upheld the ordering of alimony to be paid after the death of the party who bore the liability for making such payments.[5]

However, we hold that the enforcement of a family court order, which would not be enforceable without a prior stipulation of the parties that it be made part of

[3] ". . . the parties may, subject to the approval of the court, stipulate for a division of estate, for alimony, or for the support of children, . . ." Sec. 247.10, Stats.

[4] ". . . There is no such thing in this state as a divorce by consent or agreement. The parties cannot by stipulation proscribe, modify or oust the court of its power to determine the disposition of property, alimony, support, custody, or other matters involved in a divorce proceeding. When a court follows and adopts an agreement of the parties making it a part of its judgment, the court does so on its own responsibility, and the provisions become its own judgment." *Miner v. Miner* (1960), 10 Wis. 2d 438, 442, 443, 103 N. W. 2d 4.

[5] *Estate of Traver* (1958), 2 Wis. 2d 509, 87 N. W. 2d 269; *Estate of Rooney* (1963), 19 Wis. 2d 89, 119 N. W. 2d 313.

the decree, rests not so much in the enforcement of a contractual obligation or even extension of jurisdiction of the court, as it does in recognizing that a person who agrees that something be included in a family court order, especially where he receives a benefit for so agreeing, is in a poor position to subsequently object to the court's doing what he requested the court to do. One leading text puts the proposition involved in the following language:

". . . where the court disposes of the property of the parties by stipulation in a manner in which it could not have disposed of the property in an adversary proceeding, the general rule applies that a party who procures or consents to the entry of the decree is estopped to question its validity, especially where he has obtained a benefit from it." [6]

Such rule applies here because the appellant gave his full consent and, in fact, by stipulation procured the amendment of the original decree of divorce so as to require him to make certain payments for the education of his son beyond the son's twenty-first birthday. Additionally, he procured the benefit of a reduction in child support payments while the child, prior to reaching his majority, was in school. In a case where a wife had received certain advantages under the award of the divorce court, made pursuant to a stipulation of the parties, the Supreme Court of the State of Washington held it to be well-established law that, ". . . even though a decree is void as beyond the power of the court to pronounce, a party who procures or gives consent to it is estopped to question its validity where he has obtained a benefit therefrom." [7] In support of the result reached, the Washington court quoted with full approval this excerpt from a Kansas appellate court decision:

---

[6] 24 Am. Jur. 2d, *Divorce and Separation*, p. 1030, sec. 907.

[7] *Svatonsky v. Svatonsky* (1964), 63 Wash. 2d 902, 904, 389 Pac. 2d 663, 665.

". . . A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment, and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question of whether the court had jurisdiction, either of the subject-matter of the action, or of the parties, is not important in such cases. Parties are barred from such conduct, not because the judgment obtained is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated. . . ." [8]

We agree with the result reached, and the reasoning by which it is reached. It follows that the appellant father, who stipulated and consented that the family court enter an order for contribution by him for the education of his son beyond the son's twenty-first birthday, is estopped from now challenging the right of the family court to do exactly what he joined his wife in requesting the court to do. However, this is not to say that the trial court's approval and incorporation of such agreement into the order irrevocably freezes the rights and duties of the parties. If a material change of circumstances can be demonstrated to the trial court, then the general rule as to changes in a divorce court order applies. Especially in the family-law field and in cases involving the parent-child relationship, such a reversal of attitude and position comes too late. The order of the family court, based upon the stipulation of the parties, is enforceable, if necessary, by contempt proceedings.

*By the Court.*—Order affirmed.

[8] *Bledsoe v. Seaman* (1908), 77 Kan. 679, 684, 685, 95 Pac. 576.