IN RE the MARRIAGE OF:
Eugenie E. RINTELMAN, Respondent,

v.

Donald C. RINTELMAN, Appellant.†

Court of Appeals

*No. 83–321. Submitted on briefs July 25, 1983.—
Decided September 26, 1983.*
(Also reported in 339 N.W.2d 612.)

---

[2] Sec. 134.01, Stats.

† Petition to review granted.

For the appellant the cause was submitted on the brief of *Douglas L. Reed* of Milwaukee.

For the respondent the cause was submitted on the brief of *Lowell K. Levy* of *Levy & Levy, S.C.* of Cedarburg.

Before Scott, C.J., Voss, P.J., and Robert W. Hansen, Reserve Judge.

SCOTT, C.J. Donald Rintelman appeals from an order denying his application for termination of maintenance payments to his wife. As part of a divorce judgment, Rintelman stipulated that he would make maintenance payments to his wife "for her lifetime." The issue before us is whether this agreement for lifetime maintenance payments is enforceable after the remarriage of his wife or subject to mandatory termination pursuant to sec. 767.32(3), Stats. Because Rintelman orally and in writing consented to the permanent maintenance payments as part of the divorce judgment, we hold that he is now

estopped from requesting termination under sec. 767.-32(3). Therefore, we affirm.

Donald and Eugenie Rintelman were divorced on July 26, 1979. The judgment of divorce included a stipulation between the parties providing that the husband would pay maintenance to the wife "for her lifetime." At the divorce hearing, in response to direct questioning by the trial court, the husband acknowledged that the maintenance payments would continue even if the wife remarried.

Mrs. Rintelman remarried in August 1980. Mr. Rintelman made all maintenance payments until May 1982, when he filed an "Application for Termination of Maintenance Payments Upon Remarriage" requesting that the court vacate the order requiring maintenance payments, pursuant to sec. 767.32(3), Stats.[1] At a hearing on the matter, the parties stipulated that the payments in question were, in fact, maintenance payments. The court denied the application for termination finding that because the parties had agreed by written stipulation to terms of maintenance which were incorporated into the final judgment of divorce, the husband was bound by the terms of the stipulation. On appeal, Donald Rintelman argues that sec. 767.32(3) should be construed to require the trial court to terminate the agreed-upon maintenance payments. We disagree.

A party who obtains a benefit by agreeing to a stipulation in a divorce judgment is estopped from questioning its validity even though the court would have lacked authority to order the stipulation without the agreement

---

[1] Section 767.32(3), Stats., reads:

After a final judgment requiring maintenance payments has been rendered and the payee has remarried, the court shall, on application of the payer with notice to the payee and upon proof of remarriage, vacate the order requiring such payments.

of the parties. *Bliwas v. Bliwas,* 47 Wis. 2d 635, 640, 178 N.W.2d 35, 37 (1970).

The enforcement of a family court order, which would not be enforceable without a prior stipulation of the parties that it be made part of the divorce, rests on the recognition that "a person who agrees that something be included in a family court order . . . is in a poor position to subsequently object to the court's doing what he requested the court to do." *Id.*

In *Bliwas,* the trial court incorporated into an amended judgment of divorce the parties' stipulation that the husband would continue to pay child support after his son reached his majority. The trial court lacked statutory authority to order of its own accord support payments after the age of majority. The husband objected to the jurisdiction of the court when his wife instituted contempt proceedings for nonpayment. The court held that because the husband had consented and stipulated to the support order, which was made part of the divorce decree, he was estopped from challenging the family court's enforcement of the agreement.

In *Schmitz v. Schmitz,* 70 Wis. 2d 882, 888, 236 N.W. 2d 657, 661 (1975), the court explained the rationale for the holding in *Bliwas* as:

[t]he well-understood rule that estoppel by election applies to any stipulation in the course of judicial proceedings. Although the theory is more precisely applied to factual stipulations, pre-divorce agreements accepted by the family court embody findings and conclusions as to the best interests of the parties under the facts then existing. [Citations omitted.]

The court further characterized the estoppel in *Bliwas* as "the intentional waiver of the limits of the reach of the family court." *Id.* at 889, 236 N.W.2d at 661.

The appellant cites a number of Wisconsin cases in support of the proposition that remarriage of the wife

requires termination of maintenance payments.[2] While this position is the general rule under sec. 767.32(3), Stats., we find none of the cited authority applicable to the present case. In the cases provided by the appellant, the support payments in question did not result from a specific agreement and stipulation between the parties such that the husband would continue making payments for the wife's lifetime in return for which the husband would obtain a benefit in the property division of the final divorce judgment. Therefore, in none of these cases did the estoppel principle set out in *Bliwas* apply.

In this case, as in *Bliwas,* the court had no authority, absent the stipulation, to require maintenance payments for Mrs. Rintelman's lifetime, regardless of remarriage. The trial judge was not required to incorporate this stipulation into the divorce decree. *Bliwas,* at 639, 178 N.W.2d at 37. However, incorporation of this stipulation necessarily affected the final disposition of the divorce, that is, findings as to property division and support payments. As such, Mr. Rintelman obtained some benefit in return for his stipulated incorporation of the maintenance payments. Although under certain circumstances the court has the power to alter alimony and support payments in the divorce judgment, it cannot modify provisions concerning property division. *Trowbridge v. Trowbridge,* 16 Wis. 2d 176, 180, 114 N.W.2d 129, 132 (1962). It would be unfair to now excuse Mr. Rintelman from his stipulated support obligations for which he obtained a benefit under the property settle-

[2] *Czaicki v. Czaicki,* 73 Wis. 2d 9, 242 N.W.2d 214 (1976); *Taake v. Taake,* 70 Wis. 2d 115, 233 N.W.2d 449 (1975); *Thies v. MacDonald,* 51 Wis. 2d 296, 187 N.W.2d 186 (1971); *Martin v. Martin,* 46 Wis. 2d 218, 174 N.W.2d 468, *overruled on other grounds, O'Connor v. O'Connor,* 48 Wis. 2d 535, 541, 180 N.W.2d 735, 739 (1970).

ment when a corresponding change in the property division is not permitted. Therefore, under the doctrine set out in *Bliwas,* he is now estopped from claiming that the court must terminate his maintenance obligation under sec. 767.32(3), Stats.

*By the Court.*—Order affirmed.