Clarice V. FOBES, Petitioner-Respondent,

v.

Arnold E. FOBES, Appellant.†

Supreme Court

*No. 83–1640. Argued April 29, 1985.——Decided May 29, 1985.*

(Also reported in 368 N.W.2d 643.)

† Motion for reconsideration pending. This motion was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the appellant there were briefs by *Donald D. Johnson, Jeffrey W. Younger* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* Madison, and oral argument by *Mr. Younger.*

For the petitioner-respondent there were briefs by *John M. Ullsvik* and *Niemann, Hibbard, Ullsvik, Neuberger & Lorenz,* Watertown, and oral argument by *John M. Ullsvik.*

WILLIAM G. CALLOW, J.   This is an appeal from an order of the circuit court for Dodge county modifying the terms of a divorce judgment with respect to maintenance payments.   The appeal was certified by the court of appeals and accepted by this court pursuant to sec. (Rule) 809.61, Stats.   We affirm the circuit court.

The issue presented on appeal is whether a divorce judgment incorporating a stipulation entered into by

the parties providing for limited term maintenance may be modified by the circuit court.

Clarice and Arnold Fobes were married on January 28, 1961, and the divorce action was commenced on January 18, 1980. At the time the action was commenced, Mrs. Fobes was fifty-three years of age and Mr. Fobes, fifty-four. The parties had one son, sixteen years of age. Mr. Fobes was the general manager of the Pepsi-Cola plant in Watertown. Mrs. Fobes had a high school education and had not worked outside of the home since 1963. At the time of the divorce, Mrs. Fobes was being treated for arthritis and for an allergy which caused her eyes to water.

On August 26, 1980, the parties entered into a stipulation regarding property division and maintenance payments. The stipulation contained a provision for maintenance which stated:

"The respondent or his estate shall pay to the petitioner as and for family maintenance the sum of $250.00 per week, through the office of the Clerk of Courts for Dodge County, Wisconsin, commencing on the Monday immediately following the granting of the divorce. Said family maintenance shall continue for a period of three (3) years or until the death of petitioner or remarriage of the petitioner, whichever occurs first. The aforesaid award of family maintenance is for the purpose of providing income to the petitioner so that she might secure the necessary education to become employable."

Mrs. Fobes received approximately 60 percent, or $50,000, of the marital property. Part of the property awarded to Mrs. Fobes was the parties' home, in which there was approximately $40,000 equity. The divorce was granted on August 28, 1980, and the judgment of divorce incorporated the terms of the stipulation.

In 1980, Mrs. Fobes enrolled in a two-year course in social work at a technical school in Watertown. After completing one year in this course, she concluded that

she would be unable to secure employment in the social work field. In 1981 she enrolled in a nursing assistant course in Fort Atkinson. After completing that course, she enrolled in a one-year program in Fort Atkinson to become a licensed practical nurse. While she successfully completed the classroom portion of the program, she received a grade of incomplete because she did not complete the required one-week practicum at Fort Atkinson Memorial Hospital. Mrs. Fobes stated that the reason she did not complete the practicum was that she could not stand the pressure of caring for four patients at one time. She has not attempted to repeat the practicum since she failed to complete it in 1982, and does not intend to do so.

In January, 1983, Mrs, Fobes began to seek employment as a private nurse. She registered with a number of placement agencies in Milwaukee, and from January through April, 1983, she worked as a private nurse between one day and thirteen and a half days a month. To cut down on the commuting time involved in eight-hour work days, she chose to work shifts where she would stay in the patients' homes for a twenty-four-hour period. For the period between January 1, 1983, and May 2, 1983, Mrs. Fobes earned a total of $1,135.15 from her private nursing activities.

On April 4, 1983, Mrs. Fobes filed a motion to modify the judgment of divorce with regard to the maintenance payments. In her motion, Mrs. Fobes stated that, although she had diligently attempted to educate and train herself to become self-supporting, she had been unsuccessful in doing so, and unless Mr. Fobes' duty to pay maintenance was continued past the scheduled August, 1983, termination date, she would have no source of income. The motion also stated that Mr. Fobes had a substantial increase in income since the time the divorce was

granted and was able to continue maintenance payments indefinitely.

Testimony was taken from both parties at a motion hearing held on May 11, 1983. The court issued a memorandum decision on August 8, 1983. The court held that it had the "power and authority" to revise the stipulated terms of a divorce judgment. The court noted that, before a divorce judgment incorporating the terms of a stipulation may be modified, there must be a substantial or material change in circumstances such that it would be unjust to hold either party strictly to the terms of the judgment. The court found that Mrs. Fobes was a credible witness and was not a malingerer. The court also found she had the ability to earn approximately $283 per month. The court concluded that Mrs. Fobes required permanent maintenance, and this required that the divorce judgment be amended. The court noted that some of Mrs. Fobes' claimed monthly expenses seemed high and that no record had been made on Mr. Fobes' ability to pay maintenance. A further hearing was scheduled to determine Mrs. Fobes' needs and Mr. Fobes' ability to pay. Until the time of the further hearing, maintenance was to continue at the rate provided in the judgment.

An order was entered on August 15, 1983, modifying the divorce judgment to provide that Mrs. Fobes receive permanent maintenance in the amount of $250 per week until such time as it was modified by the court. Mr. Fobes filed a notice of appeal on August 26, 1983. We accepted the certification of the appeal by the court of appeals on February 5, 1985.

The issue presented is whether a circuit court has the authority to modify a provision in a divorce judgment providing for limited term maintenance where the parties had stipulated to the terms of the original maintenance provision.

Section 767.32, Stats., sets forth the circumstances under which a divorce judgment may be revised. That section states, in relevant part:

"(1) After a judgment providing for . . . maintenance payments under s. 767.26 . . . the court may, from time to time, on the petition of either of the parties, . . . revise and alter such judgment respecting the amount of such maintenance . . . and the payment thereof, . . . and may make any judgment respecting any of the matters which such court might have made in the original action, except that a judgment which waives maintenance payments for either party shall not thereafter be revised or altered in that respect nor shall the provisions of a judgment with respect to final division of property be subject to revision or modification."

On its face, sec. 767.32, provides that circuit courts have the authority to modify divorce judgments with respect to maintenance payments upon petition of either party so long as the modification could have been ordered by the court at the time of the divorce. Only if maintenance has been waived and such waiver has been incorporated into the judgment is the court foreclosed from revising the judgment with respect to maintenance.

In *Dixon v. Dixon,* 107 Wis. 2d 492, 319 N.W.2d 846 (1982), this court was called upon to decide whether an award of limited maintenance could be modified when the original judgment had provided that the limited maintenance payments would not be increased or decreased by virtue of any change in the economic circumstances of either party. *Id* at 506. Following a trial, the court had ordered Mr. Dixon to pay Mrs. Dixon maintenance in the amount of $500 per month for thirty months. *Id.* at 495. Mrs. Dixon asserted that the divorce judgment's prohibition against modification violated sec. 767.32, Stats., which expressly authorizes a court to revise a judgment providing for maintenance payments.

*Id.* at 506. Mr. Dixon argued that, if alteration of limited maintenance payments were allowed, a significant distinction between limited and indefinite maintenance would be lost. *Id.* at 507.

We stated that prohibiting modification of limited maintenance does provide certainty to the parties and curtails the number of future court hearings. *Id.* However, we noted that "[t]here is nothing . . . in sec. 767.32 to indicate that the legislature intended the goals of economic certainty and reduced litigation to be achieved at the expense of spouses whose needs might change after judgment is entered." *Id.* at 508. We held that sec. 767.32 allows the circuit court to revise and alter a judgment respecting the amount and terms of payment of limited maintenance so long as the petition seeking revision is filed prior to the termination date of limited maintenance under the judgment. *Id.*

*Dixon* involved an appeal of a provision regarding maintenance which was ordered by the circuit court. It did not involve a stipulation between the parties. Mr. Fobes asserts that our decision in this case should rest on our holding in *Marriage of Rintelman v. Rintelman,* 118 Wis. 2d 587, 348 N.W.2d 498 (1984). The issue presented in *Rintelman* was whether a provision in a divorce judgment incorporating a stipulation which provided for maintenance payments for the lifetime of the payee violated either sec. 767.32(3), Stats., or public policy when it was understood by the parties that payment would continue even if the payee remarried. Sec. 767.32(3) provides that, if the payee of maintenance payments remarries, the court shall vacate the order requiring maintenance payments upon application of the payer. The Rintelmans had entered into a stipulation which provided that maintenance payments would continue for the wife's lifetime. At the divorce hearing,

the trial judge specifically questioned Mr. Rintelman on his understanding of whether the payments would continue even if his wife remarried, and he stated it was his understanding they would continue. 118 Wis. 2d at 590. Mrs. Rintelman subsequently remarried, and Mr. Rintelman filed an application for termination of the maintenance payments. The trial court denied his application. We affirmed.

We concluded that, because Mr. Rintelman had agreed to lifetime support payments and that agreement was incorporated into the divorce judgment, he was estopped from seeking termination of that obligation. *Id.* at 589. We noted that this court has held that, when a party to a divorce agrees to a certain disposition of the parties' financial obligations and the agreement is made a part of the judgment, the party is thereafter estopped from seeking release from the terms of the agreement. *Id.* at 594. We discussed the elements which must be present before the estoppel doctrine will apply:

". . . [A]ll that need be shown to constitute an estoppel is that both parties entered into the stipulation freely and knowingly, that the overall settlement is fair and equitable and not illegal or against public policy, and that one party subsequently seeks to be released from the terms of the court order on the grounds that the court could not have entered the order it did without the parties' agreement." *Id.* at 596.

A review of the stipulation which was incorporated into the Fobes' divorce judgment shows that the requisite elements for estoppel were not met. The final estoppel element is that the court could not have entered the order it did absent the parties' agreement. In *Rintelman,* the husband agreed to make maintenance payments to his wife for her lifetime, regardless if she remarried. The trial court would have been unable to enter such an

order without the parties' agreement. By contrast, Mr. Fobes agreed to make maintenance payments to his wife for a limited period of time in order to allow Mrs. Fobes to secure the necessary education to become employable. The court could have entered such an order whether or not the parties had agreed to it. Thus, we conclude that the rule set forth in *Dixon* applies in this case. We hold that the circuit court may revise a judgment incorporating a stipulation of the parties respecting the amount and terms of payment of limited maintenance so long as the petition seeking revision is filed prior to the termination date of limited maintenance under the judgment.

We now turn to the question whether, in this particular case, the trial court was correct in modifying the judgment. This court has previously developed two tests for reviewing a trial court's modification of a divorce judgment.

". . . Where the modification rests entirely on a factual determination the test is whether that determination is contrary to the great weight of the evidence. Where the modification rests primarily on an exercise of discretion the test is whether there was an abuse of discretion by the trial court." *Thies v. MacDonald,* 51 Wis. 2d 296, 303–04, 187 N.W.2d 186 (1971).

The trial court's modification of a support obligation involves an exercise of discretion on the part of the trial court. The test to be applied on appeal is, therefore, whether the trial court abused its discretion in making the modification. *Poehnelt v. Poehnelt,* 94 Wis. 2d 640, 649, 289 N.W.2d 296 (1980).

This court has previously stated:

". . . The general rule in Wisconsin is that a provision for alimony will not be changed except upon a positive

showing of a change of circumstances, especially where the original provision is based on an agreement of the parties. Where the payments are according to stipulation, 'the substantial or material change in the circumstances should be such that it would be unjust or inequitable to strictly hold either party to the judgment.' " *Moore v. Moore,* 89 Wis. 2d 665, 669, 278 N.W.2d 881 (1979) (citations omitted).

Absent a substantial change in circumstances, a provision in a judgment for maintenance payments which was based on a stipulation may not be modified.

The substantial change in circumstances found by the trial court was the fact that Mrs. Fobes had been unable to achieve her goal of becoming self-supporting in the three years since the divorce was granted. The court found that Mrs. Fobes was a credible witness. At the time of the hearing on her motion to modify the judgment, she was fifty-seven years of age and suffered from arthritis and depression. The court found that she was not a malingerer and had been accepting as much home nursing employment as she was able to obtain. The court made a finding that Mrs. Fobes had the present ability to earn approximately $283 per month. Based on the fact that Mrs. Fobes had not been able to become self-supporting, as the parties had contemplated she would be able to do at the time of the divorce, the trial court concluded Mrs. Fobes required permanent maintenance and ordered that the judgment be amended to so provide. The court also ordered a further hearing to determine Mrs. Fobes' needs and Mr. Fobes' ability to pay.

We conclude that the trial court did not abuse its discretion in modifying the divorce judgment. Under the circumstances of this case, the factual finding by the court of Mrs. Fobes' inability to become self-sup-

porting, which was the predicate for the limited maintenance provision, constituted a substantial change in circumstances since the time the divorce was granted. It was not an abuse of discretion for the trial court to modify the judgment and order a further hearing to determine the amount of maintenance to be paid.

*By the Court.*—The order of the circuit court is affirmed.

STEINMETZ, J. (dissenting). I disagree with the result reached and the reasoning used by the majority.

It appears that the majority is disregarding the parties' stipulation which was the basis for the judgment and is considering that Mrs. Fobes has not become self-supporting and Mr. Fobes had a substantial increase in income since the divorce was granted and, therefore, it is only equitable that the maintenance payments be continued. There is no reasoning given why the payments may be converted to permanent rather than an extension of a year or two of temporary maintenance. If permanent maintenance is entered, Mr. Fobes will have to show a change in circumstances to have the payments lessened in amount or to be terminated. It also seems irrelevant to me to consider or even state that Mr. Fobes' income has appreciated over what it was at the time of the stipulation.

There is no finding in this record that Mrs. Fobes is unemployable. Regardless, the majority is willing to grant her permanent maintenance since she has failed in her attempts to become self-supportive. She has only dedicated her activities to two areas of employment which she would choose, social work and private nursing. There does not appear to be any duty for her to become self-supportive in some field other than social work or private nursing and yet she has not been found to be unemployable but only not to be a malingerer.

The majority states: "It was not an abuse of discretion for the trial court to modify the judgment and order a further hearing to determine the amount of maintenance to be paid." Page 82. It appears the court would not find an abuse of discretion to raise the amount of maintenance and also convert it from temporary to permanent. That would emasculate the stipulation of the parties and it would appear the property distribution should be reexamined.

The court concludes *Dixon v. Dixon*, 107 Wis. 2d 492, 319 N.W.2d 846 (1982), applies in this case since "[t]he court could have entered such an order whether or not the parties had agreed to it." Page 80. Here, the court is referring to the fact the court could have ordered the three year maintenance at $250 per week. However, the distinction from *Dixon* is here the court accepted the parties' stipulation and in *Dixon* the order of maintenance was after a full hearing. It is not what the court could have done in *Dixon* that is controlling but what it did was based on a full hearing with the judge making the decisions as to property division and maintenance. Here the parties made that choice and by stipulation bound themselves to the judgment being entered. That is not a *Dixon* case.

In *Marriage of Rintelman v. Rintelman*, 118 Wis. 2d 587, 348 N.W.2d 498 (1984), we held a husband to a stipulation allegedly because his agreement for lifetime maintenance in spite of his wife's remarriage could not have been ordered by the court without his agreement. Therefore, considering *Dixon* and *Rintelman* and the instant case, the only maintenance term in a stipulation that is now binding is one where the trial court would not have had the authority to impose it after a contested hearing.

The unfairness is that by this decision, the entire matter is not reopened and considered but only the main-

tenance. We said in *Rintelman* that we would not open the agreement since we did not know the bargaining that went on between the parties. However, in this case, the majority ignores that important aspect of *Rintelman*. In *Rintelman,* we stated: "Under the circumstances it is reasonable to assume that the parties bargained as approximate equals, and that the final result was a product of give and take on both sides." *Id.* at 597. Also, we stated the "agreement was freely and knowingly negotiated. The trial court examined the entire stipulation and incorporated it into its judgment." *Id.* at 598.

The court improperly approves of opening up the judgment to review the appropriateness of permanent not limited maintenance and also the amount of each payment. The court should also open up the property division of the original settlement and consider whether the award to Mrs. Fobes was too great considering an award of lifetime maintenance and now that it may be at a higher level than in the stipulation and judgment. After all her share of the property has appreciated in value since 1980 also.

I dissent. I am authorized to state that Mr. JUSTICE WILLIAM A. BABLITCH joins this dissent.