IN RE the MARRIAGE OF: Debra Dawn
HONORE, Petitioner-Appellant,

v.

Daniel Herman HONORE, Respondent.

Court of Appeals

*No. 88–1160. Submitted on briefs January 31, 1989.—Decided March 1, 1989.*

(Also reported in 439 N.W.2d 827.)

On behalf of the petitioner-appellant the cause was submitted on the brief of *Thomas D. Kuehl* of *Bihler & Kuehl,* of Milwaukee.

On behalf of the respondent the cause was submitted on the brief of *Judith M. Hartig* of *Hartig, Bjelajac, Michelson & Kivlin,* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.  This appeal raises the issue of whether a party to a divorce may stipulate to maintaining a certain level of child support notwithstanding a subsequent reduction in the party's income. We conclude that such a stipulation is not contrary to public policy. Accordingly, we reverse the order of the trial court which held otherwise.

Debra and Daniel Honore were granted a divorce on June 20, 1986. Debra received custody of the two minor children. The relevant portion of the stipulation reads as follows:

> [Daniel] agrees to maintain this level of support [$700 monthly], notwithstanding a reduction in his income or other financial factors at least until the youngest child ... is in first grade, or until September 1, 1989.

The trial court approved the stipulation and incorporated it into the judgment.

On September 8, 1987, Daniel requested the trial court to reduce his child support obligation because of a reduction in his income. Debra filed a motion requesting that Daniel be found in contempt for failure to pay support. The trial court granted Daniel's motion to reduce support, specifically finding that the quoted stipulation was contrary to public policy. Daniel was also found in contempt for past-due support. Debra appealed from the court's order granting a reduction in support. We certified the issue to the supreme court, and certification was refused.

Debra asks us to conclude that Daniel was estopped from seeking a reduction in his child support payments by virtue of his earlier stipulation. As a result, Debra continues, the trial court erred when it allowed the reduction.

On appeal from a modification of child support, the question is whether there has been an abuse of discretion. *Krause v. Krause,* 58 Wis. 2d 499, 508, 206 N.W.2d 589, 594 (1973). In making a discretionary decision, the trial court must examine the relevant facts, apply the proper standard of law, and use a demonstrated rational process to reach a reasonable conclusion. *See Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 275, 184 (1982). If the trial court bases its decision upon a mistaken view of the law, it is beyond the limits of the

court's discretion. *Schmid v. Olsen,* 111 Wis. 2d 228, 237, 330 N.W.2d 547, 552 (1983).

The primary cases relied upon by Debra are *Rintelman v. Rintelman,* 118 Wis. 2d 587, 348 N.W.2d 498 (1984), and *Bliwas v. Bliwas,* 47 Wis. 2d 635, 178 N.W.2d 35 (1970). In *Bliwas,* the parties stipulated that the father would contribute to his son's education beyond his twenty-first birthday. *Id.* at 637, 178 N.W.2d at 36. Statutorily, the trial court could not have compelled such support. *Id.* at 638, 178 N.W.2d at 36. However, where the parties agreed to and the court approved such a provision, the parties would be estopped from questioning the provision's validity. *Id.* at 639–40, 178 N.W.2d at 37.

In *Rintelman,* the parties stipulated that the wife was to receive a certain level of maintenance. The husband testified that he understood the provision to mean that those payments would continue even if the wife remarried. *Rintelman,* 118 Wis. 2d at 590, 348 N.W.2d at 500. Although sec. 767.32(3), Stats., would have required the trial court to order termination of payments upon application by the husband, the supreme court concluded that by stipulating as he did, the husband was estopped from requesting termination of maintenance. *Rintelman,* 118 Wis. 2d at 597, 348 N.W.2d at 503.

We agree with Debra that the present case is governed by *Bliwas* and *Rintelman.* Daniel attempts to distinguish this case, but we do not find his arguments persuasive.

First, Daniel points out that both *Bliwas* and *Rintelman* involved a stipulation to something *beyond* the court's jurisdiction, whereas the present stipulation involves child support, a matter particularly *within* the court's jurisdiction. This argument overgeneralizes the

language of the stipulation. The stipulation here agreed to a level of support which could not be reduced in the future. It essentially established a "floor" below which child support could not drop. Technically speaking, a trial court would have jurisdiction to enter such an order, but it would almost certainly be an abuse of discretion to do so.

Daniel follows up by suggesting that the stipulation then restricts the court's jurisdiction, something which the other cases did not allow. This is incorrect. Particularly in *Rintelman,* the stipulation had the effect of preventing the court from terminating maintenance upon application of the husband, an action which would have otherwise been *required* by statute. *Rintelman,* 118 Wis. 2d at 592, 348 N.W.2d at 500–01. Here, the stipulation has the effect of preventing the court from reducing child support upon motion of a party and a showing of cause. *See* sec. 767.32, Stats. In the absence of a stipulation, the court *may* have made such an order, *id.,* but would not have been *required* to do so, *Tozer v. Tozer,* 121 Wis. 2d 187, 189, 358 N.W.2d 537, 539 (Ct. App. 1984).

Daniel also raises the spectre of a reverse situation wherein child support would be waived by stipulation and a subsequent change in circumstances would warrant modifying that provision. This is a hypothetical set of facts which is not before us and which we will not decide. *See Pension Management, Inc. v. DuRose,* 58 Wis. 2d 122, 128, 205 N.W.2d 553, 555–56 (1973).

Daniel relies on language from *Bliwas* to support his argument that modification based on a material change in circumstances was appropriate. After the supreme court stated that the father was estopped from challenging the trial court's order which adopted the stipulation, the court continued:

516

However, this is not to say that the trial court's approval and incorporation of such agreement into the order irrevocably freezes the rights and duties of the parties. If a material change of circumstances can be demonstrated to the trial court, then the general rule as to changes in a divorce court order applies.

*Bliwas,* 47 Wis. 2d at 641, 178 N.W.2d at 38. The stipulation in *Bliwas* differs from the one before us in such a way as to make the quoted language inapplicable. In *Bliwas,* the father agreed only to pay for his son's education; he did not agree to pay "notwithstanding a reduction in his income" as Daniel did. Daniel, in essence, agreed that a reduction in salary or other financial factors would not be considered a "material change of circumstances." Thus, the language of *Bliwas* does not apply.

Finally, both parties engage in a discussion of other provisions in the stipulation for the purpose of proving whether Debra relied on the agreement to her detriment.[1] In situations such as this, all that need be shown to constitute an estoppel is that both parties entered into the stipulation freely and knowingly, that the overall settlement is fair and equitable and not illegal or against public policy, and that one party subsequently seeks to be released from the terms of the court order. *Rintelman,* 118 Wis. 2d at 596, 348 N.W.2d at 502–03. To require a party to show a specific trade-off is unreasonable and unwarranted. *Id.* at 596, 348 N.W.2d at 502.

---

[1]Equitable estoppel requires action by the one against whom estoppel is asserted which induces detrimental reliance by another. *Rintelman v. Rintelman,* 118 Wis. 2d 587, 595, 348 N.W.2d 498, 502 (1984).

█

We conclude that the trial court failed to apply the appropriate law of *Bliwas* and *Rintelman*. Indeed, although the estoppel issue was presented to the trial court, the decision does not address it. The trial court merely stated, without explanation, that the stipulation violated ch. 767, Stats., and public policy. To the extent that the trial court based the decision on its statement that "the language of a stipulation cannot have greater effect or impact than the statute," we note that this statement is contrary to *Bliwas* and *Rintelman*. Because the trial court misapplied the law, an abuse of discretion occurred. We accordingly reverse the order of the court which reduced Daniel's child support obligation.

*By the Court.*—Order reversed.