IN RE the MARRIAGE OF: Mitzi NICHOLS, Petitioner-Appellant,

v.

James NICHOLS, Respondent.†

Court of Appeals

*No. 89-1985-FT. Submitted on briefs December 29, 1989.—Decided March 6, 1990.*

(Also reported in 457 N.W.2d 492.)

†Petition to review granted.

503

■■■■■■■■■■■■■■■

■■■■■■■■■

For petitioner-appellant there were briefs by *Thomas O. Mulligan* of *Kissack & Mulligan, S.C.,* Spooner.

For respondent there was a brief by *Owen R. Williams* of *Williams Law Office,* Amery.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Mitzi Nichols appeals an order[1] dismissing her motion for a review of maintenance ordered in a divorce judgment. Although the court initially ordered an increase, it ultimately concluded that it lacked jurisdiction to modify the maintenance payments because a stipulation incorporated in the judgment provided that maintenance would not be increased in the future. Mitzi contends that any agreement between the parties to limit the court's power to review maintenance is ineffective because it is contrary to law. James Nichols argues that the judgment precludes review and that, because she entered into a stipulation, Mitzi is equitably estopped from making such a motion. We conclude that neither the judgment nor the stipulation precludes a review of maintenance. Accordingly, we reverse and remand with directions to enter the original order modifying the maintenance award.

The parties were divorced in 1978. The judgment provided that James was to pay $250 per month as maintenance and contained the following language, adopted from a stipulation between the parties:

> Said property division and maintenance payments of petitioner, Mitzi Nichols, to be considered as permanent and in lieu of any further or additional maintenance payments, except said maintenance payments

---

[1] This is an expedited appeal under Rule 809.17.

shall terminate upon remarriage of petitioner, Mitzi Nichols.

In 1988, James filed a petition for a change of custody and Mitzi, while opposing this request, filed a motion to increase the amount of maintenance and support. After a series of hearings, the court concluded that, based upon Mitzi's meager income and poor health and James's annual income, which was greater than $50,000, the maintenance award should be increased to $400 per month. Following a motion for reconsideration, the court concluded that it was without authority to increase maintenance and entered judgment denying Mitzi's motion.

Although the trial court concluded that it lacked jurisdiction to increase the maintenance award, the issue here is whether either the stipulation or the judgment precluded judicial review of maintenance. The court's power to modify an award of maintenance is reflected in both the statutes and the decisions of our supreme court. Section 767.08(2)(b), Stats., provides as follows:

> The amount [of support and maintenance] so ordered to be paid may be changed or modified by the court upon notice of motion or order to show cause by either party upon sufficient evidence.

Section 767.32(1), Stats., provides in part:

> After a judgment providing for . . . maintenance payments . . . the court may, from time to time, . . . revise and alter such judgment respecting the amount of such maintenance . . . and the payment thereof, . . . and may make any judgment respecting any of the matters which such court might have made in the original action, except that a judgment which waives

506

maintenance payments for either party shall not thereafter be revised or altered in that respect . . ..

The foregoing statutes unambiguously grant the trial court power to modify judgments regarding maintenance. Furthermore, court decisions have continually reaffirmed the court's power to review maintenance payments, even when the judgment seems to limit the court's power of review. *See, e.g., Dixon v. Dixon,* 107 Wis. 2d 492, 319 N.W.2d 846 (1982). The court is foreclosed from reviewing maintenance only when maintenance has been waived and the waiver incorporated into the judgment. *Fobes v. Fobes,* 124 Wis. 2d 72, 77, 368 N.W.2d 643, 645 (1985).

James contends that these established legal principles do not apply when the judgment provides that the maintenance provisions are not subject to modification. No such qualification exists in either the statutes or the case law. The issuance of a judgment that attempts to preclude review of maintenance cannot deprive the court of that power. *See Dixon,* 107 Wis. 2d at 508, 319 N.W.2d at 854. Thus, we conclude that the original judgment did not strip the court of the power of review.

James also argues that Mitzi is equitably estopped from bringing such a motion because the parties' stipulation providing that maintenance payments are not subject to modification creates a contract right that precludes modification. He argues that this agreement reflects the various concessions made by each party during the negotiations of the stipulation and that this contractual relationship deprives the court of the power to increase maintenance because Mitzi has contracted away that right. James contends that the doctrine of equitable estoppel articulated in *Rintelman* applies because both parties freely and knowingly executed the

stipulation and the overall agreement was fair and equitable. *See Rintelman v. Rintelman,* 118 Wis. 2d 587, 596, 348 N.W.2d 498, 502-03 (1984).

*Rintelman* held, however, that equitable estoppel does not apply if the agreement between the parties is contrary to public policy.[2] *Id.* at 596, 348 N.W.2d at 503. Statutes such as sec. 767.08(2)(b) and 767.32(1), Stats., as well as cases such as *Fobes* and *Dixon,* clearly establish a public policy that recognizes the need for the trial court to retain the authority to review and modify maintenance. In a situation such as this, where stipulated maintenance may prove to be grossly inadequate, precluding review violates public policy. This is not a situation where a spouse has voluntarily agreed to pay maintenance beyond the time he was legally required to do so. Rather, their agreement was an attempt to isolate maintenance payments from judicial review even though public policy mandates continuing judicial review. Thus, the doctrine of equitable estoppel set forth in *Rintelman* is not applicable here.

We distinguish cases such as *Honore v. Honore,* 149 Wis. 2d 512, 439 N.W.2d 827 (Ct. App. 1989), where the payor agreed to continue his original obligation even if his future income decreased. Accepting financial obligations beyond those imposed by law is consistent with public policy because the public is not adversely affected.

---

[2]Equitable estoppel, as used in *Rintelman,* does not refer to the traditional definition of estoppel in courts of equity. *Id.* at 587, 348 N.W.2d at 498. Rather, it describes "the act of holding a party to his or her voluntary and knowing agreement to settle the financial aspects of a divorce action in cases where that agreement is incorporated into a judgment of the court." *Ross v. Ross,* 149 Wis. 2d 713, 717, 439 N.W.2d 639, 641 (Ct. App. 1989). James argues this theory when asserting equitable estoppel.

Isolating maintenance obligations from further review, however, violates public policy because it may result in the public, instead of a financially-able former spouse, assuming responsibility for the financial needs of the other spouse.

██

James's equitable estoppel arguments could be applied to every stipulated divorce as a method to preclude review of maintenance. This is not consistent with the law of this state. It has long been held that courts retain authority to review maintenance agreements, even when the agreements are based on stipulation. *Miner v. Miner,* 10 Wis. 2d 438, 444, 103 N.W.2d 4, 8 (1960); *see Fobes,* 124 Wis. 2d at 80–81, 368 N.W.2d at 647. Limiting the use of estoppel is consistent with *Rintelman* and public policy, as reflected in both the statutes and case law.

We conclude that neither the original judgment nor the stipulation stripped the court of jurisdiction to review maintenance. Accordingly, we reverse the trial court's order finding a lack of jurisdiction. Because the trial court originally determined the appropriate level of maintenance to be $400 per month, we remand with directions to reinstate that award.

*By the Court.*—Order reversed and cause remanded with directions.