IN RE the MARRIAGE OF: Susan M. HANSEN, n/k/a Kraus, Petitioner-Respondent,

v.

Kenneth L. HANSEN, Respondent-Appellant.

Court of Appeals

*No. 92–2193. Submitted on briefs March 10, 1993.—Decided April 14, 1993.*

(Also reported in 500 N.W.2d 357.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Geoffrey Dowse* of *Ventura, Dowse & Jambois* of Kenosha.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Thomas W. Anderson, Jr.* of *Anderson, Sumpter & Anderson, S.C.* of Kenosha.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J. Kenneth L. Hansen appeals from the circuit court orders vacating the portions of the divorce judgment providing maintenance payments to his ex-wife, Susan. On appeal, he argues that the maintenance payments should be terminated on the date of Susan's remarriage under sec. 767.32(3), Stats. We hold that while sec. 767.32(3) is silent on the issue, the circuit court should look at the equities of each case to determine the date the order to vacate should be effective. Therefore, we reverse and remand this case to the circuit court to make determinations consistent with this opinion.

Except where stated, the following facts are undisputed. The parties were divorced on July 18, 1989 and had one child during their marriage. The judgment of divorce set forth the circuit court's findings of fact. The parties stipulated that the Wisconsin Percentage Standard Guidelines should be used by the court to structure the payments for support of their child. The court applied the guidelines and computed "child support at $132 per week." The court then examined Susan's circumstances and needs, and concluded: "The Court believes the petitioner needs some support to get her through a difficult period . . . . The Court finds that an amount of $173 per week over and above the $132 herein set for child support should be awarded as family support. This will be a total of $305 per week as family support, which shall continue for three years from this date." Kenneth appealed the judgment, and this court reversed the portion related to family support because the circuit court's decision did not indicate that it was based on considerations of Kenneth's ability to pay, as well as Susan's needs.

On remand in a decision dated August 2, 1990, the circuit court took these factors into consideration. The court again applied the guidelines and determined that "[s]eventeen percent of $808.42 is $137.43, the amount the court would order as child support." Susan also sought family support or maintenance. After an examination of the relevant factors, the court concluded:

> The difference between [Kenneth's] income, after subtracting his various "child support" obligations, and his budgetary needs, is $670.99 less $523.50, or $147.49 per week. In light of the 20% tax impact, [Kenneth's] ability to pay support for [Susan] in fact is 120% of $147.49, or $176.99 per week. Added to the child support figure, the court finds that [Kenneth] is able to pay $314.42 per week as and for family support.

The court ordered the support payments to commence August 10, 1990, with the maintenance component to continue for two years.

Susan remarried on August 21, 1991. To Susan's credit, she advised the circuit court clerk of this fact. Without notice to Kenneth or a hearing, the clerk prepared an order terminating the maintenance portion of the family support order as of August 21, 1991 and reducing Kenneth's wage assignment accordingly. The order was filed by the family court commissioner on September 5, 1991. About two months later, the commissioner apparently concluded that the procedure followed to reduce the family support order was improper, and consequently reinstated the August 2, 1990 family support order and wage assignment. The commissioner took this action without notice or a hearing for Kenneth and Susan.

The parties were notified of both orders after they were filed. Pursuant to the first order, Kenneth stopped paying maintenance after September 5. As a result, the reinstatement created an arrearage of maintenance payments owed to Susan.

On January 22, 1992, Kenneth filed a motion to terminate the maintenance portion of the family support award, alleging a material and substantial change of circumstances under sec. 767.32(1), Stats. At oral argument on the motion, Kenneth also contended that he was entitled to automatic termination upon Susan's remarriage under sec. 767.32(3) and *Popp v. Popp,* 146 Wis. 2d 778, 432 N.W.2d 600 (Ct. App. 1988).

The sole disputed fact relates to the period of time between the commissioner's reinstatement of the August 2, 1990 family support order and Kenneth's motion to terminate maintenance. Kenneth contends that his delay in filing the motion was due to Susan misleading him into believing that she would sign a stipulation to terminate maintenance. After a period of time, he realized she was not going to sign the stipulation and he filed the motion. Susan denies that she ever agreed to such a stipulation.

The circuit court found that there was a material and substantial change of circumstances based on Susan's remarriage. The court held that under sec. 767.32(1m), Stats., the termination of the maintenance portion of the family support order was not retroactive to the date Susan was remarried, but became effective on February 21, 1992—the first scheduled hearing date for Kenneth's motion to terminate maintenance. The court also concluded that sec. 767.32(3) and *Popp* did not apply because those authorities involved the termination of maintenance, not the modification of family support. Furthermore, even if they did apply, the court

concluded that sec. 767.32(3) does not require an automatic termination of maintenance upon the recipient's remarriage, and that sec. 767.32(3) cannot circumvent sec. 767.32(1m), which prohibits a court from granting retroactive credit for payment of support obligations. Kenneth appeals the portions of the orders which deny their retroactivity to the date of Susan's remarriage.

At issue is whether maintenance in the form of family support may be terminated retroactively to the date of the remarriage under sec. 767.32, Stats. Application of a statute to facts which are undisputed is a question of law. *Nichols v. Nichols,* 162 Wis. 2d 96, 103, 469 N.W.2d 619, 622 (1991). Accordingly, we review the issue raised here independently and without deference to the circuit court. *Id.*

As a preliminary concern, we address whether the termination was of maintenance or of family support. Susan argues, and the trial court held, that the distinction is important because sec. 767.32(3), Stats.,[1] applies to the termination of maintenance, while a family support order may be modified only through sec. 767.32(1).[2] Susan argues that the trial court did not order child support and maintenance in any set

---

[1] Section 767.32(3), Stats., provides:

After a final judgment requiring maintenance payments has been rendered and the payee has remarried, the court shall, on application of the payer with notice to the payee and upon proof of remarriage, vacate the order requiring such payments.

[2] Section 767.32(1), Stats., provides in relevant part:

After a judgment providing for child support . . . maintenance payments . . . or family support payments . . . the court may, from time to time, on the petition, motion or order to show cause of either of the parties . . . and upon notice to the family court commissioner, revise and alter such judgment respecting the amount of such maintenance or child support and the payment thereof . . . .

amount, but instead ordered a fixed amount as "family support." She contends that although the court made findings as to child support and maintenance amounts, these findings were only used to establish a basis for the family support award.

We conclude that the court's judgment ordered maintenance; therefore, any motion requesting the termination of maintenance based on Susan's remarriage is governed by sec. 767.32(3), Stats. Although the judgment awarded "family support," it contains a spousal support component which specifically identifies the amount of money set over for the support of Susan. Functionally, the judgment provided maintenance to Susan and we will not elevate form over function in these circumstances.

We now turn to the major issue on appeal: Is a court prevented from retroactively vacating the maintenance order to the date the payee spouse remarried? We concluded above that the termination of maintenance in this case is governed by sec. 767.32(3), Stats. Section 767.32(3) is both substantive and procedural. The substantive portion provides that maintenance may terminate upon remarriage, while the procedural portion requires the payor to apply to the court, give notice to the payee and provide proof of remarriage. When the payor spouse meets the procedural requirements of this section, the court must vacate the maintenance order. *See Rintelman v. Rintelman,* 118 Wis. 2d 587, 592, 348 N.W.2d 498, 500-01 (1984) (*Rintelman II*), *aff'g* 115 Wis. 2d 206, 339 N.W.2d 612 (Ct. App. 1983) (*Rintelman I*). Under sec. 767.32(3), the court has no discretion to allow the maintenance order to stand when the payor has shown that the payee has

remarried and has given notice of the action to the payee.

The statute does not address the date when the vacation of maintenance should be effective. Where a statute does not address such a situation, "it is appropriate to consult those areas covering the same subject where expression of the legislative intent is clear, and extrapolate therefrom." *De Avilia v. Civiletti,* 643 F.2d 471, 477 (7th Cir.), *cert. denied,* 454 U.S. 860 (1981) (citing *Montana Power Co. v. Federal Power Comm'n,* 445 F.2d 739, 746 (D.C. Cir. 1970) (en banc), *cert. denied,* 400 U.S. 1013 (1971)).

Indications of the intent of the legislature when enacting the applicable statutes is scant. The 1977 Legislative Council Note to sec. 767.26, Stats. (the statute authorizing maintenance awards), states: "If the recipient of maintenance payments remarries, the payer may apply to the court to have the maintenance payment order vacated and the court must do so, *as under prior law.*" Legislative Council Note, 1977, Wis. Stat. Ann. sec. 767.26 (West 1981) (emphasis added). The prior law, sec. 247.38, Stats. (1975), had remained in pertinent respects unchanged since 1925. Section 247.38, Stats., provided in part:

> **Judgment Revoked on Remarriage.** . . . After a final judgment of divorce has been rendered, the court, upon the application of the party paying alimony, on notice to, and on proof of the marriage, after such final judgment, of the party receiving such alimony, shall by order modify such final judgment and any orders made with respect thereto, by annulling the provisions of such final judgment or orders, or of both, directing payment of such alimony.

334

Case law interpreting this section held that a payor's obligation to make court-ordered alimony payments ceased upon remarriage. *Martin v. Martin,* 46 Wis. 2d 218, 222, 174 N.W.2d 468, 471 (1970), *overruled on other grounds, O'Connor v. O'Connor,* 48 Wis. 2d 535, 541, 180 N.W.2d 735, 739 (1970); *see also Czaicki v. Czaicki,* 73 Wis. 2d 9, 13, 242 N.W.2d 214, 216 (1976); *Taake v. Taake,* 70 Wis. 2d 115, 125, 233 N.W.2d 449, 454 (1975) (Heffernan, J., dissenting); *Thies v. MacDonald,* 51 Wis. 2d 296, 301, 187 N.W.2d 186, 188-89 (1971). When drafting sec. 767.32(3), Stats., in substantially the same form as the prior statutes, it is presumed that the legislature adopted the judicial interpretation of the prior statutes. *Tucker v. Marcus,* 142 Wis. 2d 425, 434, 418 N.W.2d 818, 821 (1988). The Legislative Council Note supports the view that these interpretations were to apply to the new statute as well.

This court recognized the general rule that court-ordered maintenance payments cease upon remarriage of the payee in *Rintelman I,* 115 Wis. 2d at 209-10, 339 N.W.2d at 614, but stated that the rule did not apply where maintenance payments were stipulated to by the parties. On appeal, our supreme court did not squarely overrule the prior precedents but held that under sec. 767.32(3), Stats., maintenance payments did not automatically terminate upon remarriage of the payee. *Rintelman II,* 118 Wis. 2d at 592, 348 N.W.2d at 500-01. The court stated:

> If the payer spouse does not request termination the obligation continues. It is evident therefore that the statute does not express an absolute public policy against continuation of court ordered maintenance obligations after remarriage. Such obligations can continue to exist if the payer so chooses. The statute

335

clearly contemplates that a payer spouse can decide after the payee spouse remarries that the support obligation shall continue by not requesting discontinuance.

*Id.* (emphasis omitted).

Although sec. 767.32(3), Stats., is silent, judicial interpretation prior to *Rintelman II* and legislative notes indicate that the legislature intended that remarriage of the payee be a stopping point to the payment of maintenance. Construing *Rintelman II* in a way consistent with that history, we conclude that once the payor applies, gives notice to the payee and shows proof of remarriage, the court must consider the specific facts and equities of the case in making its discretionary determination of the date when the maintenance portion of the divorce judgment should be vacated. Among the factors which the court may consider in making its determination are: (1) the diligence of the payor in making the application; (2) expressions by the payor that maintenance payments would continue even after learning of the remarriage; (3) whether the payee was concealing the remarriage from the payor with the intent to continue receiving maintenance; and (4) actions by the court leading the payor to believe that the maintenance obligation had terminated.[3]

---

[3] To ease potential problems associated with determining the retroactivity of the termination of maintenance because of remarriage, we suggest that family law practitioners and the family court consider including in the order or judgment for spousal maintenance a requirement that the payee immediately notify the clerk of court and the payor of remarriage. This suggestion is similar to the statutory requirement that the maintenance payee notify the clerk of court of any change of

We are unpersuaded that sec. 767.32(1m), Stats., prevents us from making such a holding. Section 767.32(1m) provides:

> In an action under sub. (1) to revise a judgment providing for child support, maintenance payments or family support payments, the court may not revise the amount of child support, maintenance payments or family support payments due prior to the date that notice of the action is given to the respondent, except to correct previous errors in calculations.

The introductory clause explicitly limits the subsection's application to actions under sec. 767.32(1). We concluded above that an action to terminate maintenance based on the payee spouse's remarriage is an action under sec. 767.32(3). Therefore, sec. 767.32(1m) does not apply by its own terms. Additionally, sec. 762.32(1m) prohibits retroactivity of "revisions," not termination due to remarriage.

Furthermore, sec. 767.32(1m), Stats., may not be used to demonstrate a legislative intent that all actions by the court affecting maintenance are prospective dating from when the payee receives notice. Section 767.32(1m) was enacted by sec. 2135(i), 1987 Wis. Act 27, and effective on August 1, 1987—ten years after the present version of sec. 767.32(3). For purposes of projecting the legislature's intent surrounding sec. 767.32(3), *see Montana Power,* 445 F.2d at 746, the intent of the legislature at this later date is not relevant.

address. *See* sec. 767.263, Stats. Whether or not such a provision should be mandatory in each order or judgment for maintenance is for the legislature or the supreme court, under its supervisory authority, to decide.

It was error for the trial court to date the termination of maintenance from the date of the first scheduled hearing on the motion. On remand, the court should look at the situations of the parties and determine a date for termination which is equitable to both.

*By the Court.*—Orders reversed and cause remanded with directions.