STATE EX REL. Laurie JESKE n/k/a Laurie Wagner, Plaintiffs-Appellants,

v.

William A. JESKE,† Defendant-Respondent.

Court of Appeals

*No. 86–1894. Submission on briefs February 2, 1987.—Decided March 24, 1987.*

(Also reported in 405 N.W.2d 757.)

† Petition to review granted.

For the plaintiffs-appellants there was a brief submitted by *Bronson C. La Follette,* attorney general and *Donald P. Johns,* assistant attorney general of Madison.

For the defendant-respondent a brief was submitted by *Paul L. Barnett* of *Barnett Law Office* of Park Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.    The state appeals an order dismissing a postjudgment motion to modify William Jeske's child support. The state argues that the trial court erred by concluding that the state was without authority to represent a parent seeking child support modification when neither the parent nor the minor child was receiving public assistance. We agree with the state and reverse the order.

The state, through the Price County Child Support Agency, undertook to represent Jeske's ex-wife, Laurie Wagner, pursuant to sec. 46.25(7), Stats., in an action to increase her child support. Section 46.25(7) provides that the state "may represent ... any individual in any action to establish paternity or to establish or enforce a support or maintenance obligation."

The trial court dismissed the action because it interpreted sec. 46.25(7) as authorizing the state to provide representation only in those actions brought to establish an initial award or to collect arrears. The court also held that the state could not maintain the action in its own name pursuant to sec. 767.32(1) or (4), Stats., because neither Wagner nor her child was receiving public assistance.

Questions of law are reviewed independently without deference to the trial court's determination. *De Mars v. La Pour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891, 893 (1985). The interpretation of a statute presents a question of law. *Id.* Whether a statute is ambiguous is also a question of law. *St. John Vianney School v. Board of Education,* 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983). A statute is ambiguous if reasonable persons could disagree as to its meaning. *Id.*

Section 46.25(7) is ambiguous. The phrase "to establish or enforce a support or maintenance obligation" could be referring to only those actions establishing an initial award and enforcing that award. On the other hand, it could be referring not only to those actions, but also to actions seeking to establish an order to modify child support. We must therefore ascertain the legislature's intent by examining the statute's context, subject matter, scope, history, and purpose. *St. John Vianney School,* 114 Wis. 2d at 151, 336 N.W.2d at 391. An examination of these factors demonstrates that the legislature intended sec. 46.25(7) to allow the state to represent anyone in an action to modify child support.

Section 46.25(1), Stats., mandates that the state child support program is to operate "in accordance with state and federal laws, regulations and rules . . . ." A provision of the federal child support enforcement program, 42 U.S.C.A. sec. 654(6)(A) (West Supp. 1983), requires the states to:

> (6) provide that (A) the child support collection or paternity determination services established under the plan shall be made available to any individual not otherwise eligible for such services upon application filed by such indivudual with the State, including support collection services for the spouse (or former spouse) with whom the absent parent's child is living (but only if a support obligation has been established with respect to such spouse, and only if the support obligation established with respect to the child is being enforced under the plan).

In *Carter v. Morrow,* 562 F. Supp. 311, 315 (W.D.N.C. 1983), the court observed that the language of sec. 654(6)(A) was unequivocal and required the states to provide nonwelfare clients the same services afforded persons receiving welfare.

The legislature enacted sec. 46.25(7) to comply with the federal requirement that the states make available to others the same child support collection services they provide to AFDC recipients. *See State v. Wagner,* 136 Wis. 2d 1, 400 N.W.2d 519, slip opinion at pages 9–10 (Ct. App. 1986); *see also* secs. 59.07(97), 59.47(14), and 46.25(6), Stats. Pursuant to sec. 767.32(4), this state provides AFDC recipients with representation in actions to modify child support. Section 767.32(4) provides that when the state is the real

271

party in interest, its "department of health and social services shall review the support obligation periodically and whenever circumstances so warrant, petition the court for revision of ... the support obligation." Therefore, sec. 46.25(7) requires that the same service be made available to anyone else requesting it.

*By the Court.*—Order reversed.