IN RE the MARRIAGE OF: Louis J. KUCHENBECKER, Petitioner-Appellant,

v.

Kathleen M. SCHULTZ, Respondent.

Court of Appeals

*No. 88-2200. Submitted on briefs July 19, 1989.—Decided August 16, 1989.*

(Also reported in 447 N.W.2d 80.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Terence P. Fox* of Manitowoc.

On behalf of the respondent, the cause was submitted on the brief of *Donald A. Poppy,* district attorney for Calumet County.

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J.   Louis Kuchenbecker appeals from a trial court order modifying a divorce judgment provision governing responsibility for the health care of his children. We hold that the trial court may modify this order at any time upon findings showing a change of circumstance. However, the court here did not make the necessary findings and we reverse and remand to give it an opportunity to do so.

Kuchenbecker and Schultz were granted a divorce in November of 1980. Their final stipulation was incorporated in the judgment by reference.

The stipulation contains separately numbered provisions entitled "child support," "property settlement," and "medical and dental expenses and medical insurance." The text of the last of these reads:

> 7.  MEDICAL AND DENTAL EXPENSES AND MEDICAL INSURANCE.
> Louis J. Kuchenbecker shall maintain the minor children on his comprehensive medical and hospitalization, and dental insurance policies, as made available through his employer, and shall maintain the same on each minor child, until he or she reaches the age of majority. The petitioner, Kathleen M. Kuchenbecker, shall be responsible for all hospital, medical, dental and related expenses not covered by

insurance for the benefit of said minor children. Each of the parties shall be responsible for their individual hospital, medical, dental and related expenses not covered by insurance.

In August of 1988, Schultz, represented by the state, moved the court for an order that Kuchenbecker pay one half of the children's orthodontic expenses not covered by insurance. A hearing was held, following which Kuchenbecker took the position that paragraph seven does not relate to child support and therefore: (1) Schultz' motion could not be granted as it was untimely and (2) the state could not provide representation. Kuchenbecker also argued that it is unfair to permit Schultz to seek modification of the stipulation after the parties had relied upon it for eight years. He did not prevail.

On appeal, Kuchenbecker concedes that sec. 767.32, Stats., gives the trial court continuing jurisdiction in matters of child support. That section states, in pertinent part, that "[a]fter a judgment providing for child support under s. 767.25 . . . the court may . . . revise and alter such judgment respecting . . . such . . . child support." *Id.* He asserts, however, that the court has no jurisdiction over the instant action because it is not one to modify a child support order. We disagree.[1]

Analysis of the statutes relating to support of the child shows that an assignment of health care responsibilities was intended by the legislature as a child support

---

[1] Kuchenbecker's brief-in-chief offers no alternative to child support as a category into which the order for health care payment might fit. In his reply brief, he suggests that in 1980 the order was considered property division but he offers no support for that proposition. We view the argument as inadequately briefed and decline to address it. *See In re Estate of Balkus,* 128 Wis. 2d 246, 255 n. 5, 381 N.W.2d 593, 598 (Ct. App. 1985).

order encompassed by sec. 767.32, Stats. Therefore, the assignment may be modified pursuant to that section.

Statutory interpretation is a question of law that we decide without deference to the trial court. *State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984). If the meaning of the statute is clear on its face, this court will not look outside the statute in applying it. *In re P.A.K.,* 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681 (1984). If the statute is ambiguous, this court attempts to ascertain the legislature's intent by the scope, history, context, subject matter and object of the statute. *Id.* at 878, 350 N.W.2d at 681–82. A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in either of two or more senses. *Id.* at 878–79, 350 N.W.2d at 682.

Section 767.25, Stats., states, in pertinent part:

> **Child support.** **(1)** Whenever the court approves a stipulation for child support under s. 767.10, [or] enters a judgment of annulment, divorce or legal separation . . . the court shall order either or both parents to pay an amóunt reasonable or necessary to fulfill a duty to support a child. The support amount may be expressed as a percentage of parental income or as a fixed sum.
>
> . . ..
> **(1j)** Except as provided in sub. (1m), the court shall determine child support payments by using the percentage standard established by the department of health and social services . . ..
>
> . . ..
> **(4m)** . . . (b) In addition to ordering child support for a child under sub. (1), the court shall specifically assign responsibility for and direct the manner of payment of the child's health care expenses.

While health care responsibility assignments clearly serve no other purpose beyond benefiting the child, sec. 767.25(4m), Stats., states that they are "[i]n addition to" child support under sec. 767.25(1). Reasonable people could differ, then, as to whether the "child support" that may be modified pursuant to sec. 767.32, Stats., is exclusive of health care responsibility assignments. We must therefore resort to extrinsic aids for assistance in determining the intent of the legislature. *P.A.K.*, 119 Wis. 2d at 878, 350 N.W.2d at 681–82.

Throughout the existence of the child support statute, the medical care assignment has been considered within the same context—and often in the same breath—as the order for support payments.[2] Indeed,

---

[2] Prior to the enactment of the Divorce Reform Act in 1977, the trial court had authority to make provisions for the "care, custody, maintenance and education" of minor children within the context of the divorce judgment. Sec. 247.24, Stats. (1975). Section 247.25, Stats. (1975), allowed the trial court to modify these provisions. Orders assigning responsibility for a child's medical needs would fall easily within the scope of these statutes.

A child support statute similar to today's version, sec. 247.25(1), Stats. (1977), was created by sec. 40, Ch. 105, Laws of 1977, and sec. 747om, Ch. 418, Laws of 1977. This statute, renumbered sec. 767.25(1), Stats. (1979–80), by secs. 50, 92(4), Ch. 32, Laws of 1979, was in effect when Kuchenbecker and Schultz were divorced in 1980. It stated:

**Child support.** **(1)** Upon every judgment of annulment, divorce or legal separation . . . the court may order either or both parents to pay an amount reasonable or necessary for support of a child and shall specifically assign responsibility for payment of medical expenses . . . ..

Sec. 767.25(1), Stats. (1979–80).

both orders are and have been subsumed within the statutory title "child support." While the title is not part of the statute, and cannot prevail over the language of the statute, it can be indicative of legislative intent. *State v. Mahaney,* 55 Wis. 2d 443, 449, 198 N.W.2d 373, 375–76 (1972). Here, the context in which the health care assignment appears and the title of the enabling statute strongly suggest that it is a species of the genus child support.

Additionally, the support and the medical assignment mandates have a mutuality of concern. Their objectives are identical—adequate provision for the child's needs, whether the child is healthy or ailing.

■

Further, the paramount goal of sec. 767.25, Stats., is to promote the best interests of the child. *See Drier v. Drier,* 119 Wis. 2d 312, 323, 351 N.W.2d 745, 750 (Ct. App. 1984). The statute ensures that parents' legal and moral obligations to protect their children, to care for them in sickness and in health, and to do whatever is necessary for their care, maintenance and preservation are recognized and enforced even when the parents' mar-

---

Although sec. 767.25(1), Stats. (1979–80), was amended by sec. 1760, 1983 Wis. Act 27, and sec. 2359, 1985 Wis. Act 29, under these enactments it continued to encompass orders both for "support" of a child and the assignment of medical expense responsibility. The trial court was required to consider identical factors, including the physical needs of the child, before either order was entered.

By virtue of secs. 62 and 64, 1987 Wis. Act 413, the assignment of health care responsibility was given its own subsection, sec. 767.25(4m), Stats. This statute modified the requirement of assigning health care responsibilities by requiring the court to take into consideration certain additional factors, including the accessibility of insurance, before entering its order.

riage has ended. *Cf. Cole v. Sears, Roebuck & Co.,* 47 Wis. 2d 629, 634, 177 N.W.2d 866, 869 (1970).

Some of the duties recognized by sec. 767.25, Stats., are easily enforced by orders for regular payments of a set sum of money. The duty to provide adequate health care is often not among them. Health care needs are unpredictable.

The paramount goal of sec. 767.25, Stats., would be defeated if the assignment of health care responsibility were not recognized as an aspect of child support. The assignment of responsibility for health care would be unalterable no matter how the child's health care needs and the parents' ability to fulfill those needs were to change. The result could lead to inadequate medical attention, a result not in the best interest of the child.

Finally, we note that while under sec. 767.25(1j), Stats., the court *determines* "child support payments," its *order* is for amounts "to support the child." *See* sec. 767.25(1). If the "child support" that may be modified pursuant to sec. 767.32, Stats., includes only an order for "child support" authorized by sec. 767.25, and no such orders are authorized, then the modification statute contains a superfluous clause. We avoid an interpretation that renders a portion of a statute superfluous. *Green Bay Broadcasting v. Redevelopment Auth.,* 116 Wis. 2d 1, 19, 342 N.W.2d 27, 35 (1983), *modified on other grounds,* 119 Wis. 2d 251, 349 N.W.2d 478 (1984).

We conclude that both monetary payments to the custodial parent and the assignment of responsibility for health care are child support provisions that may be ordered pursuant to sec. 767.25, Stats. When the Kuchenbeckers were divorced in 1980, both child support orders were entered pursuant to sec. 767.25(1),

Stats. (1979–80). Today, one such order is entered pursuant to sec. 767.25(1) and one is entered pursuant to sec. 767.25(4m). Both orders may be revised pursuant to sec. 767.32, Stats., which allows modification of "judgment[s] providing for child support under s. 767.25." Sec. 767.32.

Because Schultz' action is one to modify child support, Kuchenbecker's argument that the state cannot represent Schultz is without merit. Section 46.25(7), Stats., allows the state to represent anyone in an action to modify child support. *State ex rel. Jeske v. Jeske,* 138 Wis. 2d 268, 270, 405 N.W.2d 757, 758 (Ct. App. 1987), *aff'd,* 144 Wis. 2d 364, 424 N.W.2d 196 (1988).

As an alternative ground for relief, Kuchenbecker argues that one party to a divorce "cannot agree to the terms and conditions of the stipulation and then request[] the court to modify the judgment eight years later" when a provision unfavorable to that party would otherwise control. He points to no legal theory in support of his position. We view it as an equitable estoppel argument. *See Rintelman v. Rintelman,* 118 Wis. 2d 587, 594–95, 348 N.W.2d 498, 502 (1984).

Our supreme court has held that, when a party to a divorce agrees to a certain disposition of the parties' child support and other financial obligations and the agreement is made a part of the judgment, the party is thereafter estopped from seeking release from the terms of the agreement. *Id.* All that need be shown is that the parties entered into the stipulation freely and knowingly, that the overall settlement is fair and equitable and not illegal or against public policy and that the court could not have entered the order it did without the parties'

agreement. *Fobes v. Fobes,* 124 Wis. 2d 72, 79, 368 N.W.2d 643, 646 (1985).

Here, the last requirement for estoppel has not been satisfied. Section 767.25(1), Stats. (1979-80), makes clear that the court could have ordered Schultz to pay for all of the Kuchenbecker children's uninsured health care with or without the stipulation. Therefore, the doctrine of equitable estoppel does not prevent the court from modifying that order pursuant to sec. 767.32(1), Stats. *See Fobes,* 124 Wis. 2d at 79-80, 368 N.W.2d at 646.

Turning to the merits of the trial court's order modifying child support, Kuchenbecker briefly suggests, without discussing the relevant factors, that Schultz failed to show the requisite changed circumstances that would allow such an order to be made.[3] We view his position as one asserting that the trial court failed to make the necessary findings to support its modification order, and we agree.

The court found increased medical need on the part of one of the children since the divorce judgment was entered, but it found neither that Schultz was financially unable to comply with the 1980 order nor that Kuchenbecker was able to absorb an increased medical expense. *See Burger v. Burger,* 144 Wis. 2d 514, 523-24, 424 N.W.2d 691, 695 (1988). These conditions must

---

[3] Kuchenbecker asserts that Schultz should not prevail because she is making more money now than she was a year ago and because she is happy with only a part-time job. However, a trial court's finding of changed circumstances turns on a consideration of the needs of the custodial parent and child and the ability of the noncustodial parent to pay. *Burger v. Burger,* 144 Wis. 2d 514, 523-24, 424 N.W.2d 691, 695 (1988).

exist before an order modifying child support may be entered or sustained. *Id.*

When essential findings have not been made, this court may remand the matter to the trial court to give it an opportunity to make those findings and render its conclusions. *See State v. Williams,* 104 Wis. 2d 15, 22, 310 N.W.2d 601, 605 (1981). We consider that option appropriate here.

*By the Court.*—Order reversed and cause remanded.