In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael C. TRUDGEON, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Michael C. TRUDGEON, Respondent.

Supreme Court

*No. 2008AP2558–D. Decided October 20, 2009.*

2009 WI 96

(Also reported in 774 N.W.2d 469.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee, Michael F. Dubis, that Attorney Michael C. Trudgeon receive a public reprimand and bear the costs of this proceeding. The Office of Lawyer Regulation (OLR) filed an eight-count complaint against Attorney Trudgeon alleging professional misconduct in two client matters. Attorney Trudgeon did not file an answer.

¶ 2. Because no appeal has been filed, we review the referee's report and recommendation pursuant to SCR 22.17(2).[1] We approve and adopt the referee's findings of fact and conclusions of law. We agree that Attorney Trudgeon's professional misconduct warrants a public reprimand. In addition, we find it appropriate Attorney Trudgeon pay the costs of this disciplinary proceeding.

¶ 3. Attorney Trudgeon was admitted to practice law in Wisconsin in 2003 and has practiced in Beloit. On May 27, 2008, Attorney Trudgeon's license to practice law was suspended for failing to satisfy continuing legal education requirements. In July 2008 Attorney

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

Trudgeon's license was temporarily suspended for failure to cooperate in four grievance investigations. His license remains suspended.

## I. THE S.C. CLIENT MATTER
## (COUNTS 1 THROUGH 4)

¶ 4. The disciplinary complaint charges four counts of misconduct involving Attorney Trudgeon's representation of S.C. in a foreclosure action. In June 2006 S.C. retained Attorney Trudgeon to defend the foreclosure proceeding filed by S.C.'s condominium association. Although S.C. paid Attorney Trudgeon a $500 fee, he failed to discuss with her the rate and basis of his fee.

¶ 5. Attorney Trudgeon contacted opposing counsel and advised he was representing S.C. Although he filed a notice of retainer, he did not file an answer to the foreclosure complaint. When the association moved for a default judgment, Attorney Trudgeon did not respond.

¶ 6. Before the hearing on the default judgment motion took place, however, S.C. made inconsistent statements whether she wanted Attorney Trudgeon to continue representing her. Although Attorney Trudgeon believed his representation had been terminated, S.C. believed he would continue to represent her. Attorney Trudgeon did not clarify whether S.C. wanted him to continue representing her; he did not file a motion to withdraw as counsel and failed to advise her, the court, and the association's attorney he was no longer representing S.C. When Attorney Trudgeon failed to appear at the motion hearing, a default foreclosure judgment was entered against S.C.

¶ 7. Subsequently, Attorney Trudgeon wrote S.C. advising her to pursue a discrimination and harassment

action against the association, indicating the suit would delay attempts to foreclose. He advised S.C. her retainer had been exhausted and another $1,500 was required for him to continue representing her. S.C. retained another attorney to handle the foreclosure action and the matter proceeded to a sheriff's sale, which was confirmed. Attorney Trudgeon later admitted he was never certain whether the injunction he had planned to seek to prevent the foreclosure would be issued, and he never discussed his uncertainty with S.C.

¶ 8. The referee concluded that Attorney Trudgeon's representation of S.C. supported four counts of professional misconduct:

> *Count One:* By failing to file a motion to withdraw as counsel after he considered his representation of S.C. to have terminated, Attorney Trudgeon violated SCR 20:1.16(a)(3).[2]

> *Count Two:* By failing to appear at the default motion hearing, Attorney Trudgeon violated SCR 20:1.3.[3]

> *Count Three:* By failing to adequately explain the rate and basis of his fee before or within a reasonable time after commencing the representation, Attorney Trudgeon violated former SCR 20:1.5(b).[4]

> *Count Four:* By advising S.C., "[The] lawsuit will

---

[2] SCR 20:1.16(a)(3) provides, in pertinent part, "Except as stated in par. (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: . . . (3) the lawyer is discharged."

[3] SCR 20:1.3 states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] Former SCR 20:1.5(b) (effective through June 30, 2007) provided, "When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the

delay any attempts on foreclosing on your property;" by failing to explain he would not file an answer to the default judgment motion and not appear at the motion hearing; by failing to advise of the default judgment or the status of the foreclosure action; and by failing to adequately communicate to S.C. he believed their attorney-client relationship had been terminated, Attorney Trudgeon violated former SCR 20:1.4(b).[5]

## II. THE C.S. AND C.C. CLIENT MATTER (COUNTS 5 THROUGH 8)

¶ 9. The next four counts arise from Attorney Trudgeon's representation of C.S. and C.C. in a lawsuit filed by a subcontractor involved in the construction of their home. Ultimately, the subcontractor obtained a default judgment against C.S. in the sum of $2,999.

¶ 10. Attorney Trudgeon had agreed to handle the matter at a rate of $150 per hour with no written fee agreement. C.S. and C.C. paid Attorney Trudgeon approximately $500 in fees. C.S. was ordered to file an answer to the complaint no later than February 2, 2007. The trial was scheduled for February 14, 2007. Attorney Trudgeon failed to file an answer on behalf of C.S., failed to provide his clients with a copy of the pretrial order, failed to inform his clients that C.S. had been ordered to file an answer, and failed to inform them he had not filed an answer.

¶ 11. Between January 31 and February 13, 2007, Attorney Trudgeon and C.C. had discussed a settlement proposal. On February 14, 2007, Attorney Trudgeon

client, preferably in writing, before or within a reasonable time after commencing the representation."

[5] Former SCR 20:1.4(b) (effective through June 30, 2007) provided that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

and the plaintiff's attorney appeared in court without their clients and reviewed paperwork related to the case. Trial was rescheduled for March 12, 2007.

¶ 12. When C.C. e-mailed Attorney Trudgeon on February 14 inquiring about the case, Attorney Trudgeon replied he had met with opposing counsel and would mail C.C. and C.S. materials for their review. On February 15, 2007, Attorney Trudgeon wrote his clients advising of the March 12 hearing date but failed to inform them to appear on March 12 if the case did not settle. When his clients inquired whether they should appear on March 12, Attorney Trudgeon responded they should plan on going to work that day and, if they would need to appear, the matter could be rescheduled.

¶ 13. On March 12, 2007, Attorney Trudgeon e-mailed C.C. that their settlement offer had been rejected and both C.S. and C.C. would have to appear at trial. C.C. replied that they did not wish to make another settlement offer and directed Attorney Trudgeon to set a trial date. Although Attorney Trudgeon had advised C.C. and C.S. they need not appear on March 12, he had failed to obtain opposing counsel's stipulation or court approval for a continuance. At the March 12 trial, plaintiff's counsel objected to Attorney Trudgeon's continuance request and moved for default judgment against C.S. The court granted the plaintiff a default judgment against C.S. in the amount of $2,999, plus costs.

¶ 14. Attorney Trudgeon did not timely inform his clients that a default judgment had been entered. On March 12 C.S. and C.C. delivered a payment to Attorney Trudgeon's office. Attorney Trudgeon failed to inform them a hearing had been held that day and a default judgment had been entered. He also failed to inform them of their appellate rights or that C.S. might

be able to file a motion to reopen. Additionally, he failed to research the procedure and time restrictions for C.S. to move to reopen or appeal the default judgment and failed to respond to C.C.'s subsequent e-mails.

¶ 15. On March 28, 2007, the court sent a notice of entry of judgment to Attorney Trudgeon with an order requiring C.S. to provide financial disclosure information within 15 days. Attorney Trudgeon failed to forward the order to his clients within 15 days. On April 4 and 10, 2007, C.C. e-mailed Attorney Trudgeon inquiring about the status of the case and whether he still represented them. Attorney Trudgeon did not respond and failed to call or send paperwork to his clients as he said he would.

¶ 16. During the first week of April 2007, C.C. went to Attorney Trudgeon's office. Attorney Trudgeon told C.C. he would have "to get a court date set." It was not until April 18, 2007, that Attorney Trudgeon advised his clients that a default judgment had been entered. On April 19, 2007, C.C. spoke with court personnel who confirmed the default judgment had been issued against C.S. on March 12, 2007. The court personnel advised that if C.S. did not complete financial disclosure forms within 15 days, C.S. could be held in contempt of court and arrested. Between March 13 and April 22, Attorney Trudgeon failed to respond to his clients' calls and e-mails and failed to meet with them except when C.C. made two unannounced office visits. C.S. eventually filed a motion to reopen, which was denied.

¶ 17. Referee Dubis determined Attorney Trudgeon's representation of C.S. and C.C. supported the following counts of professional misconduct:

> *Count Five:* By failing to respond to reasonable requests for information; by failing to advise of the entry of the default judgment; and by failing to forward

the order and financial disclosure forms to his clients, Attorney Trudgeon violated former SCR 20:1.4(a).[6]

*Count Six:* By assuming the trial scheduled for March 12, 2007, could be continued without confirming that assumption with the court or obtaining opposing counsel's agreement to a continuance; by failing to timely research the procedures and time limits to appeal or file a motion to reopen; by failing to prepare and file a written answer; and by failing to obtain opposing counsel's consent to file the financial disclosure forms after the 15–day deadline, Attorney Trudgeon violated SCR 20:1.3.

*Count Seven:* By failing to advise his clients of the procedures to attempt to reopen the default judgment; failing to advise his clients of the consequences of failing to appear for trial; and failing to advise C.S. that he risked being found in contempt of court for failure to timely complete the financial disclosure forms, Attorney Trudgeon violated SCR 20:1.4(b).

*Count Eight:* By allowing his clients to misunderstand that the case had not yet resulted in a judgment, when a default judgment had been entered on March 12, 2007, and implying the court decided the case on the merits, Attorney Trudgeon violated SCR 20:8.4(c).[7]

¶ 18. Based upon these violations, Referee Dubis recommends a public reprimand and the imposition of costs. Attorney Trudgeon has not appealed the recom-

---

[6] Former SCR 20:1.4(a) (effective through June 30, 2007) provided that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[7] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

mendation or objected to costs. We affirm a referee's findings of fact unless they are clearly erroneous. We review conclusions of law de novo. *In re Disciplinary Proceedings Against Tully,* 2005 WI 100, ¶ 25, 283 Wis. 2d 124, 699 N.W.2d 882. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 19. Because they have not been shown to be clearly erroneous, we adopt the referee's findings. We agree with the referee's conclusions and his recommendation regarding discipline. We conclude that a pubic reprimand is sufficient to achieve the objectives of attorney discipline. We order that Attorney Trudgeon shall bear the costs of this proceeding.[8]

¶ 20. IT IS ORDERED that Michael C. Trudgeon is publicly reprimanded for professional misconduct.

¶ 21. IT IS FURTHER ORDERED that within 60 days of the date of this order Michael C. Trudgeon pay to the Office of Lawyer Regulation all the costs of this proceeding. If such costs are not paid within the time specified and absent a showing to the court of his inability to pay the costs within that time, the license of Michael C. Trudgeon to practice law in Wisconsin shall remain suspended until further order of this court.

---

[8] The OLR seeks costs totaling $1,455.44 as of April 23, 2009.