In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael C. TRUDGEON, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Michael C. TRUDGEON, Respondent.

Supreme Court

*No. 2009AP2764–D. Decided August 13, 2010.*

2010 WI 103

(Also reported in 787 N.W.2d 795.)

10

¶ 1. PER CURIAM.   On November 2, 2009, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Attorney Michael C. Trudgeon alleging 56 counts of professional misconduct involving 13 separate clients. Reserve Judge Timothy L. Vocke was appointed referee. Referee Vocke has filed his report recommending revocation of Attorney Trudgeon's license to practice law in Wisconsin. Referee Vocke also recommends Attorney Trudgeon be ordered to pay restitution and the costs of this proceeding.

¶ 2.   No appeal has been filed. We review the matter pursuant to SCR 22.17(2).[1] We conclude the serious nature of Attorney Trudgeon's numerous ethical violations warrants the revocation of his license to

---

[1] SCR 22.17(2) states, in pertinent part:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.

practice law in this state. In addition, we order Attorney Trudgeon to pay restitution and costs.

¶ 3. Attorney Trudgeon was admitted to the practice of law in Wisconsin in 2003. He has practiced in Beloit. His law license was suspended, effective May 27, 2008, for his failure to comply with mandatory continuing legal education reporting requirements. On July 28, 2008, his license was suspended for his failure to cooperate with ongoing OLR investigations. His license remains suspended.

¶ 4. On October 9, 2009, this court publicly reprimanded Attorney Trudgeon for eight counts of professional misconduct in two client matters, which included failure to act with reasonable diligence, lack of communication with his client, and conduct involving dishonesty, fraud, deceit or misrepresentation. *See In re Disciplinary Proceedings Against Trudgeon,* 2009 WI 96, 321 Wis. 2d 560, 774 N.W.2d 469.

¶ 5. In the present matter, Attorney Trudgeon entered a stipulation admitting numerous counts of misconduct alleged in the OLR complaint and pleading no contest to the remaining counts. Because Attorney Trudgeon did not dispute committing the 56 alleged violations, the only question for the referee to address at the disciplinary hearing was the level of the sanction to be imposed.

¶ 6. Attorney Trudgeon's representation of K.R. serves as the basis for the first five counts. On February 11, 2008, Attorney Trudgeon became counsel of record for K.R. in a family law action. After Attorney Trudgeon's license suspensions, he did not provide notice to the court of his need to withdraw from representation. As of the date of the OLR complaint, Attorney Trudgeon remained K.R.'s counsel of record.

¶ 7. As part of his representation of K.R., Attorney Trudgeon engaged in negotiations with opposing counsel regarding a proposed waiver of future child support. Attorney Trudgeon proposed that if the opposing party would agree to waive all future child support, certain concessions would follow. The OLR notes that a parent cannot waive future child support for a minor child or enter into a binding contract to refrain from seeking child support. *See In re Marriage of Ondrasek v. Tenneson,* 158 Wis. 2d 690, 462 N.W.2d 915 (Ct. App. 1990). Thus, the OLR alleges that if the opposing party had agreed to Attorney Trudgeon's proposed child support waiver, K.R. would nonetheless remain liable for child support.

¶ 8. Due to Attorney Trudgeon's license suspension, opposing counsel advised Attorney Trudgeon that he believed he had an obligation to report to the OLR Attorney Trudgeon's continued practice of law. Attorney Trudgeon told opposing counsel he would self-report and he would also notify K.R. that he could not represent him. Attorney Trudgeon did not report his actions to the OLR. In an unrelated matter, Attorney Trudgeon filed with the OLR an affidavit dated August 25, 2008, stating he had not engaged in the practice of law since March of 2008 and that his license had been suspended due to failure to comply with continuing legal education requirements. Attorney Trudgeon did not disclose to the OLR that he had continued to practice law after March 2008.

¶ 9. Opposing counsel notified the OLR of Attorney Trudgeon's negotiations. By letter dated September 4, 2008, the OLR notified Attorney Trudgeon of its investigation of the grievance and requested certain information and documents. Attorney Trudgeon did not

13

file a substantive response to the grievance and did not respond to the OLR's preliminary investigative report.

¶ 10. In accordance with Attorney Trudgeon's stipulation, Referee Vocke found five counts of misconduct with respect to the representation of K.R. The referee concluded that by attempting to negotiate a waiver of future child support on behalf of a client, when such an agreement is unenforceable in Wisconsin, Attorney Trudgeon violated SCR 20:1.1.[2] The referee further concluded that by proposing terms for negotiation in a pending lawsuit at a time when his license to practice law was suspended for failure to comply with mandatory continuing legal education reporting requirements and for failure to cooperate with ongoing OLR investigations, Attorney Trudgeon violated SCRs 22.26(2)[3] and 31.10(1),[4]

---

[2] SCR 20:1.1 provides, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[3] SCR 22.26(2) provides:

> An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[4] SCR 31.10(1) states:

> If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the

via SCR 20:8.4(f).[5]

¶ 11. The referee further concluded that by failing to promptly notify the court of the suspension of his license to practice law, Attorney Trudgeon violated SCR 22.26(1)(c)[6] via SCR 20:8.4(f). The referee also determined that Attorney Trudgeon's misrepresentations to the OLR in his correspondence and affidavit violated SCR 20:8.4(c).[7] Additionally, the referee concluded that by failing to provide OLR with a timely written response containing the information requested by the

notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[5] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

[6] SCR 22.26(1)(c) states that on or before the effective date of license suspension, an attorney whose license is suspended shall:

Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[7] SCR 20:8.4(c) provides it is professional misconduct for a lawyer to "engage in conduct·involving dishonesty, fraud, deceit or misrepresentation; . . . ."

15

OLR, Attorney Trudgeon violated SCRs 22.03(2)[8] and 22.03(6),[9] via SCR 20:8.4(h).[10]

¶ 12. The referee found that Attorney Trudgeon committed 51 additional violations in 12 other client matters. In several cases the misconduct was similar to that committed in the K.R. client matter in that Attorney Trudgeon engaged in dishonest conduct, failed to provide information as requested by the OLR, and failed to notify the court of his suspension. Other misconduct involved his assertion that he represented an individual without the authority to do so. The referee also found that Attorney Trudgeon had failed to maintain confidentiality of files which he had left

---

[8] SCR 22.03(2) states:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[9] SCR 22.03(6) states:

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[10] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

16

unsecured. Additional misconduct included the lack of diligence in client matters, failing to communicate with clients, failing to refund an unearned fee, trust account violations, engaging in an ex parte communication with the court, and making a false statement to a tribunal.

¶ 13.  In another matter, Attorney Trudgeon converted to his own use at least $24,500 of settlement funds he received on behalf of client B.W. in connection with a car accident.[11] The referee also found that Attorney Trudgeon had lied to his clients and, on at least one occasion, Attorney Trudgeon falsely authenticated a document. The referee observed Attorney Trudgeon's misconduct was extremely damaging not only to clients but also to the legal system. For example, the referee found that Attorney Trudgeon failed to appear for a scheduled pretrial conference in one matter and failed to appear at a jury trial in another matter. The referee stated that the damage the failure to appear at a scheduled jury trial does to the court system is enormous.

¶ 14.  The referee also concluded that Attorney Trudgeon had essentially abandoned his clients on a number of occasions. The referee stated, "There's nothing that does more damage to the legal system, as was pointed out by the [clients] today, than an attorney that essentially abandons them and their case[s]. That's exactly the type of thing which is most likely to bring disrepute on the legal profession."

¶ 15.  The referee noted Attorney Trudgeon had been cooperative and truly remorseful. Nonetheless, the referee observed that to a great extent, Attorney Trudgeon attempted to rationalize or excuse his behav-

---

[11] The referee recommended restitution as discussed in ¶ 17, infra.

ior. The referee rejected Attorney Trudgeon's explanations concerning his mental condition of depression and his marital problems. The referee concluded that the nature and number of the counts, and the number of victims, were aggravating factors warranting revocation.

¶ 16. The referee recommended restitution. The referee found that client C.S. (counts 17 through 23) was entitled to restitution in the sum of $650. Client L.W. (counts 24 through 29) was entitled to restitution in the sum of $600. The referee also found that the Estate of W.W. (counts 49 through 53) was entitled to restitution of $1,162.

¶ 17. With respect to the amount converted in the B.W. client matter (counts 30 through 35), the referee determined B.W. was entitled to restitution of $12,000 and Dean Health Plan, Inc., was entitled to restitution of $13,000. The OLR advises that after the referee issued his report, client B.W. and the Dean Health Plan, Inc., were reimbursed by the Wisconsin Lawyer's Fund for Client Protection (the Fund). The OLR requests that if the court would adopt Referee Vocke's recommendation, the restitution be paid to the Fund rather than to B.W. and Dean Health Plan.

¶ 18. The referee further recommended that Attorney Trudgeon pay the costs incurred by the OLR. On June 1, 2010, the OLR filed a statement seeking $4,514.06 in costs. No objection to the costs has been filed.

■

¶ 19. This court upholds a referee's findings of fact unless they are clearly erroneous. See *In re Disciplinary Proceedings Against Carroll*, 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. This court

independently reviews the referee's legal conclusions. *Id.* Here, the stipulation supports the referee's findings of fact and legal conclusions as to Attorney Trudgeon's professional misconduct. They are unchallenged. Therefore, this court approves and adopts the referee's findings of fact and conclusions of law.

¶ 20. It is ultimately this court's responsibility to determine the appropriate discipline to impose. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. The seriousness of Attorney Trudgeon's misconduct with respect to the 56 violations involving 13 clients demonstrates the need to revoke his law license to protect the public, courts, and legal system from the repetition of misconduct, as well as to impress upon Attorney Trudgeon the seriousness of his misconduct and deter other attorneys from engaging in misconduct.

¶ 21. We further conclude Attorney Trudgeon shall make restitution as determined by the referee, with the exception that restitution arising from counts 30 to 35 be made to the Fund, rather than to B.W. and Dean Health Plan.

¶ 22. We impose full costs of $4,514.06. Under SCR 22.24(1m),[12] the court's general policy is to impose costs on the respondent. To award less than full costs, the court must find "extraordinary circumstances." At-

---

[12] SCR 22.24(1m) reads, in part:

> The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In cases involving extraordinary circumstances the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent.

torney Trudgeon has not objected to costs and has not claimed any extraordinary circumstances to justify a reduction in costs.

¶ 23. IT IS ORDERED that the license of Michael C. Trudgeon to practice law in Wisconsin is revoked, effective the date of this order.

¶ 24. IT IS FURTHER ORDERED that Michael C. Trudgeon comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶ 25. IT IS FURTHER ORDERED that within 60 days of the date of this order, Michael C. Trudgeon make restitution as follows:

| | |
|---|---|
| L.W. | $ 600 |
| C.S. | $ 650 |
| W.W. Estate | $ 1,162 |
| Wisconsin Lawyer's Fund for Client Protection | $25,000 |

¶ 26. IT IS FURTHER ORDERED that within 70 days of the date of this order, Michael C. Trudgeon pay the Office of Lawyer Regulation the costs of this proceeding.

¶ 27. IT IS FURTHER ORDERED that restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.